**UNITED STATES of America, Plaintiff,**

v.

**David STEPHENS, Defendant.**

**No. CR09–3037–MWB.**

United States District Court, N.D. Iowa, Central Division.

Nov. 17, 2009.

Mark A. Tremmel, U.S. Attorney's Office, Sioux City, IA, for Plaintiff.

Michael L. Smart, Federal Public Defender's Office, Sioux City, IA, for Defendant.

ORDER CONCERNING PROSECUTION'S APPEAL OF MAGISTRATE'S ORDER DENYING PROSECUTION'S REQUEST TO AMEND DEFENDANT'S CONDITIONS OF RELEASE

MARK W. BENNETT, District Judge.

## TABLE OF CONTENTS

I. INTRODUCTION AND BACKGROUND ....................................962

II. ANALYSIS ...........................................................964
 A. Standard of Review ...............................................964
 B. Adam Walsh Act Amendments .....................................964
 C. Procedural Due Process ...........................................965
 D. Application of the Mathews Balancing Test ..........................966

III. CONCLUSION .......................................................969

## I. INTRODUCTION AND BACKGROUND

This case is before the court on the prosecution's appeal of Chief United States Magistrate Judge Paul A. Zoss's order denying the prosecution's motion to amend defendant David Stephens's conditions of release (docket no. 15). In its appeal of Judge Zoss's order, the prosecution requests that this court amend defendant Stephens's conditions of release to include electronic monitoring and curfew restrictions.

On September 17, 2009, an Indictment was returned against defendant Dale Stephens, charging him with receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1), transporting and attempting to transport child pornography in interstate commerce, in violation of 18 U.S.C. §§ 2252A(a)(1) and 2252A(b)(1), possession and attempted possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2), and making a false statement to the Federal Bureau of Investigation. On October 2, 2009, Judge Zoss conducted a detention hearing for defendant Stephens pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. The prosecution presented no evidence at the detention hearing, relying instead on the rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" for persons accused of receipt of child pornography. 18 U.S.C. § 3142(e)(3)(E). Judge Zoss found that the prosecution had failed to show by a preponderance of the evidence that defendant Stephens represents a flight risk, or by clear and convincing evidence that defendant Stephens represents a danger to the community under any terms or conditions of release. Therefore, Judge Zoss ordered defendant Stephens to be released pending trial subject to certain conditions of release. Judge Zoss's conditions of release did not include a curfew or electronic monitoring.

On October 14, 2009, the prosecution moved to amend defendant Stephens's conditions of release to include a curfew and electronic monitoring, as required by the Adam Walsh Child Protection and Safety Act of 2006, 18 U.S.C. § 3142(c) ("the Adam Walsh Act"). The prosecution argued that a curfew and electronic monitor-

ing are required under the Adam Walsh Act's amendments to the Bail Reform Act of 1984 in this case because defendant Stephens is charged with violations of 18 U.S.C. § 2252A(a)(1) and 2252A(a)(2). In response, defendant Stephens argued that mandatory imposition of these two conditions of pretrial release under the Adam Walsh Act violates his right to procedural due process in violation of the Fifth Amendment and the Excessive Bail Clause of the Eighth Amendment. Judge Zoss denied the prosecution's motion to amend defendant Stephens's conditions of release, concurring in the reasoning and conclusions of a number of United States district courts, including one Judge in the Northern District of Iowa, finding the Adam Walsh Act's mandatory conditions of release to be unconstitutional on either or both of the grounds raised by defendant Stephens. *See United States v. Solomon,* CR09–4024–DEO, docket no. 33, at \*8–9 (N.D.Iowa Aug. 27, 2009) (O'Brien, Senior J., concluding that automatic imposition of electronic monitoring and curfew restrictions under the Adam Walsh Act violates the Due Process Clause of the Fifth Amendment but does not violate the Eighth Amendment's prohibition against excessive bail); *United States v. Merritt,* 612 F.Supp.2d 1074, 1080 (D.Neb.2009) (holding that imposition of a curfew and electronic monitoring as conditions of release solely on the basis of the Adam Walsh Act violated the defendant's right to procedural due process); *United States v. Rueb,* 612 F.Supp.2d 1068, 1074 (D.Neb. 2009) (same); *United States v. Smedley,* 611 F.Supp.2d 971, 977 (E.D.Mo.2009) (holding that the Adam Walsh Act's amendments violate procedural due process on their face); *United States v. Arzberger,* 592 F.Supp.2d 590, 601 (S.D.N.Y. 2008) (holding that the Adam Walsh Act's amendments violate the Due Process Clause of the Fifth Amendment on their face); *United States v. Torres,* 566 F.Supp.2d 591, 599, 602 (W.D.Tex.2008) (concluding that the Adam Walsh Act's amendments violated the Due Process Clause on their face and also violated the Excessive Bail Clause as applied to the defendant); *United States v. Vujnovich,* No. 07–20126–01–CM–DJW, 2008 WL 687203, at \*2 (D.Kan. Mar. 11, 2008) (holding that the mandatory imposition of electronic monitoring on defendant violated his right to procedural due process); *United States v. Crowell,* No. 06–M–1095, 2006 WL 3541736, at \*7, \*10 (W.D.N.Y. Dec. 7, 2006) (holding the Adam Walsh Act Amendments violate the Eighth Amendment's prohibition against excessive bail and the Fifth Amendment's guarantee of procedural due process).[1] *But see United States v. Kennedy,* 327 Fed.Appx. 706, 708 (9th Cir.2009) (finding "no constitutional infirmity in the Walsh Act" as applied to defendant where the act was construed "to require the district court to exercise its discretion, to the extent applicable, in applying the mandatory release conditions."); *United States v. Cossey,* 637 F.Supp.2d 881, 892 (D.Mont.2009) (same, applying *Kennedy,* 327 Fed.Appx. at 708); *United States v. Gardner,* 523 F.Supp.2d 1025, 1028 (N.D.Cal.2007) (holding that the act does not violate procedural due process under the Fifth Amendment, the Excessive Bail Clause under the Eighth Amendment, or the separation of powers principle of the Constitution). On October 30, 2009, the prosecution filed its appeal of Judge Zoss's order denying its motion to amend defendant Stephens's conditions of release. Defendant Stephens has not filed a response to the prosecution's appeal.

1. The court recognizes that the decision in *United States v. Solomon,* CR09–4024–DEO, docket no. 33, at \*8–9 (N.D.Iowa Aug. 27, 2009), is currently before the Eighth Circuit Court of Appeals on interlocutory appeal.

## II. ANALYSIS

### A. Standard of Review

 Pursuant to 18 U.S.C. § 3145(a)(1), the prosecution may seek review, in the district court, of a magistrate judge's order setting a defendant's conditions of release. The court conducts a *de novo* review of the magistrate judge's order. *See United States v. Maull*, 773 F.2d 1479, 1481–82 (8th Cir.1985) (*en banc*) (holding that under the Bail Reform Act of 1984, a district court conducts *de novo* review of magistrate determination in bail matters) *accord United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir.2003); *United States v. Rueben*, 974 F.2d 580, 585–86 (5th Cir.1992), *cert. denied*, 507 U.S. 940, 113 S.Ct. 1336, 122 L.Ed.2d 720 (1993); *United States v. Torres*, 929 F.2d 291, 292 (7th Cir.1991); *United States v. Tortora*, 922 F.2d 880, 883 n. 4 (1st Cir. 1990); *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir.1990); *United States v. Portes*, 786 F.2d 758, 761 (7th Cir.1985); *United States v. Leon*, 766 F.2d 77, 80 (2d Cir.1985); *United States v. Williams*, 753 F.2d 329, 333 (4th Cir.1985). The court must make its own *de novo* determination of the facts with no deference to the magistrate judge's findings. *Koenig*, 912 F.2d at 1192; *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir.1987); *United States v. Ruiz–Corral*, 338 F.Supp.2d 1195, 1196 (D.Colo.2004); *United States v. Eischeid*, 315 F.Supp.2d 1033, 1035 (D.Ariz. 2003); *United States v. Lutz*, 207 F.Supp.2d 1247, 1251 (D.Kan.2002); *United States v. Cruickshank*, 150 F.Supp.2d 1112, 1113 (D.Colo.2001); *United States v. Walters*, 89 F.Supp.2d 1217, 1219–20 (D.Kan.2000); *United States v. Lee*, 79 F.Supp.2d 1280, 1284 (D.N.M.1999), *aff'd*, 208 F.3d 228 (10th Cir.2000) (table decision). The district court may incorporate the record of the detention hearing conducted by the magistrate judge. *United States v. Chagra*, 850 F.Supp. 354, 357 (W.D.Pa.1994). The district court, unlike a court of appeals, is equipped to explore and redetermine factual issues if that proves necessary. *Koenig*, 912 F.2d at 1192. Thus, the district court may conduct evidentiary hearings if "necessary or desirable," and the hearings are not limited to situations where new evidence is being offered. *Koenig*, 912 F.2d at 1193. These matters are left to the district court's sound discretion. *Id.*

### B. Adam Walsh Act Amendments

Only July 27, 2006, Congress enacted the Adam Walsh Act. Section 216 of Title II of the Adam Walsh Act amended the Bail Reform Act in several ways. As amended by the Adam Walsh Act, 18 U.S.C. § 3142(c) provides in pertinent part:

**(c) Release on conditions.**—**(1)** If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person—

**(A)** subject to the condition that the person not commit a Federal, State, or local crime during the period of release and subject to the condition that the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. 14135a); and

**(B)** subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person

and the community, which may include the condition that the person—

. . .

(iv) abide by specified restrictions on personal associations, place of abode, or travel;

(v) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;

(vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;

(vii) comply with a specified curfew;

(viii) refrain from possessing a firearm, destructive device, or other dangerous weapon;

. . .

In any case that involves a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title, or a failure to register offense under section 2250 of this title, *any release order shall contain, at a minimum, a condition of electronic monitoring and each of the conditions specified at subparagraphs (iv), (v), (vi), (vii), and (viii).*

(18 U.S.C. § 3142(c) )(emphasis added).

Thus, under the Bail Reform Act, as amended by the Adam Walsh Act, where a defendant, such as defendant Stephens, is charged with the transporting or receiving child pornography, under 18 U.S.C. §§ 2252A(a)(1), 2252A(a)(2), that defendant cannot be released pending trial unless the court orders, at a minimum, electronic monitoring and compliance with a curfew. *See Merritt,* 612 F.Supp.2d at 1077; *Rueb,* 612 F.Supp.2d at 1074; *Crowell,* No. 06–M–1095, 2006 WL 3541736, at *9.

## C. Procedural Due Process

The Due Process Clause of the Fifth Amendment provides that "No person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The United States Supreme Court has recognized that the Due Process Clause protects individuals against two types of government action:

So-called "substantive due process" prevents the government from engaging in conduct that "shocks the conscience," *Rochin v. California,* 342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952), or interferes with rights "implicit in the concept of ordered liberty," *Palko v. Connecticut,* 302 U.S. 319, 325–326, 58 S.Ct. 149, 152, 82 L.Ed. 288 (1937). When government action depriving a person of life, liberty, or property survives substantive due process scrutiny, it must still be implemented in a fair manner. *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976). This requirement has traditionally been referred to as "procedural" due process.

*United States v. Salerno,* 481 U.S. 739, 747, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).

Due process "is not a fixed or rigid concept, but, rather a flexible standard which varies depending upon the nature of the interest affected, and the circumstances of the deprivation." *Mathews v. Eldridge,* 424 U.S. 319, 334, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Zinermon v. Burch,* 494 U.S. 113, 127, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) ("Due process . . . is a flexible concept that varies with the particular situation."); *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) ("[D]ue process is flexible and calls for such procedural protections as the particular situation demands."); *Walters v. Weiss,* 392 F.3d 306, 314 (8th Cir.2004) (" 'Due process is a flexible concept and a

determination of what process is due, or what notice is adequate, depends upon the particular circumstances involved.'") (quoting *Bliek v. Palmer* 102 F.3d 1472, 1475 (8th Cir.1997)); *Winegar v. Des Moines Indep. Cmty. Sch. Dist.,* 20 F.3d 895, 900 (8th Cir.1994) ("Due process is a flexible concept that varies with the particular situation."); *Smedley,* 611 F.Supp.2d at 975 (quoting *Mathews,* 424 U.S. at 334, 96 S.Ct. 893). In general, due process requires that a hearing before an impartial decisionmaker be provided at a meaningful time, and in a meaningful manner. *Mathews,* 424 U.S. at 332, 96 S.Ct. 893; *see United States v. Jones,* 160 F.3d 641, 645 (10th Cir.1998) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (quotation omitted)). To determine what process is constitutionally due, the Supreme Court has balanced the following three distinct factors:

First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest.

*Mathews,* 424 U.S. at 335, 96 S.Ct. 893.

The prosecution contends that the *Mathews* balancing test does not provide the appropriate framework for assessing the constitutional validity of the Adam Walsh Act amendments at issue in this case, and argues instead that the Supreme Court's decision in *Medina v. California,* 505 U.S. 437, 443–44, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992), provides the proper analytical framework for the court's analysis. The court disagrees. In *Medina,* the Court held that a California statute requiring a criminal defendant to prove by a preponderance of the evidence that he is not competent to stand trial does not violate due process. *See Id.* at 449, 112 S.Ct.

2572. The Supreme Court indicated that "[t]he proper analytical approach" to deciding whether a state criminal procedural rule violates due process is to determine if "'it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Id.* at 445, 112 S.Ct. 2572 (quoting *Patterson v. New York,* 432 U.S. 197, 202, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977)). As the Court explained:

because the States have considerable expertise in matters of criminal procedure and the criminal process is grounded in centuries of common-law tradition, it is appropriate to exercise substantial deference to legislative judgments in this area. The analytical approach endorsed in *Patterson* is thus far less intrusive than that approved in *Mathews.*

*Id.* at 445–46, 112 S.Ct. 2572. Here, the *Mathews* case provides the proper framework, rather than the more demanding standard found in *Medina,* because Stephens is not bringing a challenge to a state criminal procedure, but instead is challenging a federal law pertaining to federal criminal procedure. It is worth noting that none of the federal district courts which have examined the constitutionality of the Adam Walsh Act's amendments have even considered *Medina's* analytical framework in their analysis. Instead, several of those courts have applied the *Mathews* balancing test. *See Solomon,* CR09–4024–DEO, docket no. 33, at *5; *Smedley,* 611 F.Supp.2d at 975; *Arzberger,* 592 F.Supp.2d at 600–01; *Torres,* 566 F.Supp.2d at 596–98.

### D. Application of the Mathews Balancing Test

█ Applying the *Mathews* balancing test in this case, the court agrees with those courts that, in applying *Mathews,* have found the Adam Walsh Act's mandatory electronic monitoring and curfew re-

quirements to violate the Due Process Clause of the Fifth Amendment. *See Solomon,* CR09–4024–DEO, docket no. 33, at *5; *Smedley,* 611 F.Supp.2d at 975; *Arzberger,* 592 F.Supp.2d at 600–01; *Torres,* 566 F.Supp.2d at 596–98. The Adam Walsh Act's mandatory electronic monitoring and curfew requirements clearly impact a liberty interest "by curtailing an individual's ability to move from one place to another and to remain in a place of choice." *Torres,* 566 F.Supp.2d at 597; *see Solomon,* CR09–4024–DEO, docket no. 33, at *5; *Smedley,* 611 F.Supp.2d at 975; *Arzberger,* 592 F.Supp.2d at 600–01. The risk to an individual's liberty interest of an erroneous deprivation of that interest is substantial. As the court in *Torres* cogently observed:

> The risk of an erroneous deprivation of a liberty interest is manifest under the Adam Walsh Amendments. Without any consideration of the need for the restriction on an arrestee's liberty to ensure his appearance at trial or to ensure the safety of the community, there is a great risk that an arrestee will be deprived of his liberty erroneously. In fact, without a judicial determination of the necessary conditions of release based upon the arrestee's particular circumstances, there is no means of knowing whether the deprivation is erroneous or warranted. The conditions of pretrial release are imposed based solely upon the arrestee's status as one allegedly involved in a certain crime and one ineligible for release on his own recognizance, without any further considerations.

*Torres,* 566 F.Supp.2d at 597–98. These sentiments were echoed in *Arzberger,* where the court remarked:

> [T]here is no indication of what the overall "error rate" might be with respect to defendants generally, that is, how many defendants upon whom the Amendments automatically impose a

curfew would be relieved of that condition if their specific circumstances were considered. But especially in the absence of any findings by Congress as to the efficacy of a curfew requirement, it cannot be assumed that courts would generally require a curfew for defendants charged with child pornography offenses if such a condition were discretionary rather than mandatory. The additional procedural safeguards at issue— the opportunity to present evidence at a bail hearing as to a defendant's individual characteristics and the particular circumstances of the offense—would reduce the risk of erroneous deprivation at little cost. Proceedings are already conducted to determine whether a defendant should be detained or released on bail, the amount of bail, and the need for conditions of release other than those required by the Adam Walsh Amendments. The additional burden of requiring an individualized determination of the need for a curfew would be minimal.

*Arzberger,* 592 F.Supp.2d at 600–01. The court concurs with these observations.

Finally, the court must consider "the Government's interest." *Mathews,* 424 U.S. at 335, 96 S.Ct. 893. Without a doubt, it must be recognized that the government has a significant interest in ensuring the safety of the community in general and specifically in protecting children from being victimized by those who commit child pornography related offenses. *See Osborne v. Ohio,* 495 U.S. 103, 109, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990) (considering Ohio's prohibition on child pornography, the Court observed that, "[i]t is evident beyond the need for elaboration that a State's interest in 'safeguarding the physical and psychological well-being of a minor' is 'compelling.'") (quoting *New York v. Ferber,* 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982)); *accord Weems v. Little Rock Police Dep't,* 453

F.3d 1010, 1015 (8th Cir.2006) (recognizing that state "undoubtedly has a legitimate interest in protecting children from the most dangerous sex offenders ..."), *cert. denied,* 550 U.S. 917, 127 S.Ct. 2128, 167 L.Ed.2d 862 (2007); *United States v. Malloy,* 568 F.3d 166, 175 (4th Cir.2009) (recognizing that "[b]ecause of the surpassing importance of the government's interest in safeguarding the physical and psychological wellbeing of children, the government has greater leeway to regulate child pornography than it does other areas."); *see* also *Solomon,* CR09–4024–DEO, docket no. 33, at *7; *Smedley,* 611 F.Supp.2d at 976; *Arzberger,* 592 F.Supp.2d at 601; *Torres,* 566 F.Supp.2d at 597. Nevertheless, this compelling government interest is in no way diminished by permitting a court to make an individualized assessment of the need for curfew and electronic monitoring restrictions based on the unique factual considerations relevant to a particular defendant in that determination. *See Smedley,* 611 F.Supp.2d at 976; *see also Arzberger,* 592 F.Supp.2d at 601; *Solomon,* CR09–4024–DEO, docket no. 33, at *7. As the court in *Smedley* recognized:

> providing an individualized determination of the need for a curfew and electronic monitoring would not detract from this compelling interest. *Arzberger,* 592 F.Supp.2d at 601. After all, the burden of providing greater process is minimal. *Torres,* 566 F.Supp.2d at 598. In every criminal case, with the current exception of those that involve the Adam Walsh Act, the government must provide its reasons for seeking certain conditions of release. *Id.* In every criminal case, the government must also provide its reasons for seeking pretrial detention. *Arzberger,* 592 F.Supp.2d at 601. Asking the government to perform a

task it must ordinarily perform is no great burden. *See id.*

*Smedley,* 611 F.Supp.2d at 976.

In *Salerno,* 481 U.S. 739, 107 S.Ct. 2095, the United States Supreme Court rejected a due process challenge to the Bail Reform Act because of the individualized inquiry available under that act. *Id.* at 750–52, 107 S.Ct. 2095. The Court pointed out that pretrial detention only applies to those individuals who have been arrested for limited categories of serious offenses, and that those arrested are entitled to a prompt detention hearing before a neutral court at which time the prosecution has the burden of proving that detention is appropriate based on the nature and the circumstances of the charges, the weight of the evidence, the history and characteristics of the individual defendant, and the danger to the community or risk of flight if the defendant is released pending trial. *Id.* The Court also noted that the defendant was permitted to testify on his own behalf, present evidence, and cross-examine those witnesses testifying at the detention hearing. *Id.* at 751, 107 S.Ct. 2095. As a result, the Court held:

> [T]hese extensive safeguards suffice to repel a facial challenge.... Given the legitimate and compelling regulatory purpose of the Act and the procedural protections it offers, we conclude that the Act is not facially invalid under the Due Process Clause of the Fifth Amendment.

*Id.* at 751–752, 107 S.Ct. 2095. The Adam Walsh Act amendments stand in stark contrast, devoid of these procedural safeguards. *See Smedley,* 611 F.Supp.2d at 976; *see also Torres,* 566 F.Supp.2d at 598. As the court in *Smedley* observed: "The amendments of the Adam Walsh Act 'eviscerate the government's duty to present evidence, the defendant's reasonable opportunity to offer opposing evidence, and the judicial review and determination oth-

erwise required under ... the Bail Reform Act.'" *Smedley*, 611 F.Supp.2d at 976 (quoting *Merritt*, 612 F.Supp.2d at 1079).

Therefore, after considering and balancing the three *Mathews* factors here, the court concludes that the Adam Walsh Act's mandatory electronic monitoring and curfew requirements violate the Due Process Clause of the Fifth Amendment because they require the imposition of a curfew with associated electronic monitoring without providing the defendant a fair opportunity to contest the necessity for such restrictions on the defendant's liberty. The court concurs with those courts that have concluded that "the Amendments are unconstitutional on their face because the absence of procedural protections is universal: no defendant is afforded the opportunity to present particularized evidence to rebut the presumed need to restrict his freedom of movement." *Arzberger*, 592 F.Supp.2d at 601; *see Solomon*, CR09–4024–DEO, docket no. 33, at *7; *Smedley*,

611 F.Supp.2d at 976.[2] Therefore, the prosecution's appeal of Judge Zoss's order denying the prosecution's motion to amend defendant David Stephens's conditions of release is denied.

### III. CONCLUSION

For the reasons discussed above, the prosecution's appeal of Judge Zoss's order denying the prosecution's motion to amend defendant David Stephens's conditions of release is denied. Defendant Stephens's conditions of pretrial release remain unchanged. The Adam Walsh Act's mandatory electronic monitoring and curfew requirements set out in 18 U.S.C. § 3142(c)(1)(B), constitute a facial violation of the Due Process Clause of the Fifth Amendment and will not be imposed.[3]

**IT IS SO ORDERED.**

2. Interestingly, the prosecution has not directed the court to any of the three decisions upholding either the Adam Walsh Act's mandatory electronic monitoring or curfew requirements. *See United States v. Kennedy*, 327 Fed.Appx. 706, 708 (9th Cir.2009); *United States v. Cossey*, 637 F.Supp.2d 881, 892 (D.Mont.2009); *United States v. Gardner*, 523 F.Supp.2d 1025, 1028 (N.D.Cal.2007). Nevertheless, the court has reviewed those decisions and do not find them to be persuasive authority on the issue at hand. First, neither the *Kennedy* or *Cossey* decisions contain any *Mathews* analysis of the Adam Walsh Act's amendments. Moreover, the Ninth Circuit Court of Appeals's truncated analysis in *Kennedy* was influenced in large part by "concessions" made by the prosecution regarding the mandatory nature of the Adam Walsh Act's electronic monitoring and curfew requirements. *Kennedy*, 327 Fed.Appx. at 707. No such concessions have been made by the prosecution in this case. While the court in *Gardner*, which held that the Adam Walsh Act's electronic monitoring requirement did not violate the Excessive Bail Clause, did conduct a *Mathews* analysis, that ruling is distinguishable because of its unique facts. Unlike de-

fendant Stephens, the defendant in *Gardner* was already subject to a curfew as a condition of her pretrial release when the prosecution moved to amend the defendant's pretrial release conditions to include mandatory electronic monitoring. *Gardner*, 523 F.Supp.2d at 1026, 1030. The curfew that was already in place required voice identification monitoring, which required the defendant to answer her home telephone in order to demonstrate her compliance with her curfew. *Id.* at 1030. As a result, the court in *Gardner* observed that the electronic monitoring "merely changes the manner in which her curfew is enforced." *Id.* Thus, in its analysis, the court found the electronic monitoring called for under the Adam Walsh Act only "slightly more intrusive" than the voice monitoring already in place. *Id.* Here, however, Judge Zoss did not impose either a curfew or any form of electronic monitoring on defendant Stephens. Accordingly, the two conditions being sought by the prosecution will impose altogether new restrictions on defendant Stephens's liberty.

3. Because the court has resolved the prosecution's appeal based on the parties' Due Pro-

cess arguments, the court need not address the parties' Eighth Amendment Excessive Bail Clause arguments.