# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3033

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff- Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Charles Edward Shurn, | * | |
| | * | [UNPUBLISHED] |
| Defendant - Appellant. | * | |

_____

Submitted: April 11, 2005
Filed: April 18, 2005

_____

Before MURPHY, BRIGHT, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Charles Edward Shurn pled guilty to possession with intent to distribute heroin and was sentenced to 37 months imprisonment and 36 months of supervised release. While Smith was on supervised release he was charged with violating its conditions by committing another crime, possessing and using a controlled substance, unlawfully using a controlled substance, and failing to report to the probation officer or to participate in treatment.

Shurn moved to dismiss the violation charges, citing <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), and arguing that his supervised release term was an integral

part of an unconstitutional guideline sentencing system. The district court[1] denied the motion to dismiss at the revocation hearing. It observed that the sentencing guidelines relating to supervised release are only advisory and found that Shurn had violated the conditions of his supervised release. The evidence showed that Shurn had "returned to his old ways" said the court, and he had not complied with even the basic conditions of his supervised release. The district court revoked his release and sentenced him to 24 months after stating that a sentence at the low end of the advisory range of 18 to 24 months would be inappropriate. Shurn appeals.

Shurn cites Blakely to support his argument that his Sixth Amendment rights were violated because his revocation sentence was based upon facts that were not found by a jury and not proven beyond a reasonable doubt. He also contends that his sentence is unreasonable because the court applied the federal sentencing guidelines without considering the factors set out at 18 U.S.C. § 3553(a) as required by United States v. Booker, 125 S. Ct. 738 (2005). The government responds that there is no Sixth Amendment right to a jury trial in a supervised release revocation proceeding and contends that neither Blakely nor Booker impact Shurn's revocation sentence. Chapter 7 of the United States Sentencing Guidelines Manual merely contains advisory and nonbinding policy statements.

The Supreme Court has never recognized a Sixth Amendment right to have a jury determine the facts relevant to the revocation of supervised release. See Morrissey v. Brewer, 408 U.S. 471, 480 (1972) (revocation of parole is not part of criminal prosecution). Moreover, Chapter 7 has always been considered advisory, long before Booker made the entire guidelines advisory. United States v. Edwards, 400 F.3d 591, 592-93 (8th Cir. 2005) (finding no error in district court's consultation of guidelines in determining revocation sentence); see United States v. Cotton, 399

_____

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

F.3d 913, 916 (8th Cir. 2005) (policy statements regarding revocation of supervised release are not binding on the court). The district court observed that the guidelines were advisory and considered the facts and circumstances of the case, and we conclude that the sentence imposed was not unreasonable. See Booker, 125 S. Ct. at 765.

Accordingly, we affirm the judgment of the district court.

_____