**UNITED STATES of America,
Plaintiff,**

v.

**Joshua Osmun KENNEDY, Defendant.**

**No. CR08–0354RAJ.**

United States District Court,
W.D. Washington.

Jan. 16, 2009.

Gilbert Henry Levy, Seattle, WA, for Defendant.

Catherine L. Crisham, U.S. Attorney's Office, Seattle, WA, for Plaintiff.

## ORDER

RICHARD A. JONES, District Judge.

### I. INTRODUCTION

This matter comes before the court on the Government's motion to revoke Magistrate Judge James P. Donohue's order denying the Government's motion for modification of conditions of release and to modify the conditions of release (Dkt. # 25). The court has considered the parties' briefing and supporting evidence, and has heard from the parties at oral argument. For the reasons explained below, the motion is DENIED.

### II. BACKGROUND & ANALYSIS

The court will not reiterate here the factual and procedural background preceding the entry of Judge Donohue's order, as that order contains a thorough recitation. *See* Order (Dkt. # 22) at 2–5.

As noted in Judge Donohue's order, the Defendant expressed concern to Judge Donohue that the mandatory conditions would interfere with travel required for his job. The Defendant is employed by the International Longshore and Warehouse Union ("ILWU"). Judge Donohue's order noted that "the mandatory conditions being sought by the government . . . could interfere with [the Defendant's] present employment." *Id.* at 10.

After Judge Donohue's order was entered, the Defendant informed a Pretrial Services officer that his job responsibilities required him to travel overnight. Before granting or denying approval to travel, the Pretrial Services officer investigated the Defendant's trip and discovered from the Defendant's supervisor that the trip was

not required as part of the Defendant's job responsibilities as a clerk for the ILWU, but was due to his voluntary involvement with an ILWU committee.

At oral argument on the motion to revoke Judge Donohue's order, the court conducted a brief evidentiary hearing regarding whether the Defendant was required to travel to fulfill his job responsibilities. The parties stipulated that the court could conduct the evidentiary hearing, rather than remanding the issue to Judge Donohue.

The Government proffered the testimony of the Defendant at the previous hearing in front of Judge Donohue. The Pretrial Services officer testified as to the Defendant's statements regarding the travel required for his work. The Defendant testified that his position on the ILWU committee was a paid position, and that he derived approximately one-third of his annual income from the committee work. If he was not able to board an airplane due to the electronic home monitoring ("EHM") required as a mandatory condition of release, the Defendant testified he could not fulfill his duties as a ILWU committee member. The Defendant also proffered statements from his job supervisor corroborating the Defendant's description of his job and travel requirements.

■ Based on the testimony presented and the proffered, the court found that the Defendant did not misrepresent facts to Judge Donohue or to Pretrial Services when he stated that the mandatory conditions would interfere with job-required travel.

■ As the court also indicated in its preliminary determination at the conclusion of the hearing, the court agrees with Judge Donohue's analysis of the Adam Walsh Child Protection and Safety Act (the "Adam Walsh Act"), 18 U.S.C. § 3142(c)(1)(B). For all of the reasons

eloquently explained in Judge Donohue's order, the mandatory conditions of the Adam Walsh Act, as applied to the Defendant, violate the Excessive Bail Clause of the Eighth Amendment, the Due Process Clause of the Fifth Amendment, and the separation of powers doctrine. There are also no changed circumstances that would support the imposition of additional terms of supervision.

The court finds that the additional evidence presented and proffered at the evidentiary hearing strengthens Judge Donohue's Eighth Amendment analysis because it is clear that the mandatory conditions sought by the Government *would* interfere with the Defendant's employment. *See* Order (Dkt. # 22) at 10:4–5 (Judge Donohue's conclusion that the mandatory conditions "*could* interfere with [Defendant's] present employment.") (emphasis added). Judge Donohue's due process analysis is also strengthened by the new evidence because it more clearly reveals the degree to which the mandatory conditions pose a substantial restriction on the Defendant's liberty. *See id.* at 13:6–8 (Judge Donohue's conclusion that the mandatory conditions would pose substantial "added restrictions on Defendant's liberty").

Because the court concludes that the Adam Walsh Act is unconstitutional as applied to the Defendant, and that there are no changed circumstances that would support the imposition of additional terms of supervision, the court will deny the Government's motion to revoke Judge Donohue's order and to modify conditions of release.

### III. CONCLUSION

The Government's motion (Dkt. # 25) is DENIED.