**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Joshua Osmun KENNEDY,**
**Defendant–Appellee.**

No. 09–30054.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 2009.

Filed May 6, 2009.

Helen J. Brunner, Esquire, Catherine Lynskey Crisham, Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellant.

Gilbert Henry Levy, Law Offices of Gilbert H. Levy, Seattle, WA, for Defendant–Appellee.

Before: LEAVY, GRABER, and BEA, Circuit Judges.

MEMORANDUM *

This is a bail pending trial appeal by the government. We have jurisdiction pursuant to 28 U.S.C. § 1291.

* This disposition is not appropriate for publica-

tion and is not precedent except as provided

Magistrate Judge Donohue's November 25, 2008, 593 F.Supp.2d 1221, order contains a thorough description of this case, and we need not repeat the background here. In short, the district court concluded that the Adam Walsh Child Protection and Safety Act ("Walsh Act"), 18 U.S.C. § 3142(c)(1)(B), was unconstitutional as applied to defendant. Accordingly, the district court denied the government's motion to modify release conditions to include those called for by the Walsh Act, and this appeal followed.

The Walsh Act amended the Bail Reform Act of 1984, 18 U.S.C. § 3142, to require that defendants charged with certain listed crimes be placed on a prescribed minimum set of release conditions. Many of the terms of the Walsh Act are undefined. For example, a "condition of electronic monitoring" shall be imposed, but the statute does not require or define that condition to be continuous or limited to a particular locality. 18 U.S.C. § 3142(c)(1)(B). "[R]estrictions on personal associations, place of abode, or travel" are required, but the statute does not define the time, place or manner of such restrictions. 18 U.S.C. § 3142(c)(1)(B)(iv). A reporting requirement is mandated, but the statute does not specify a particular method or frequency to report. 18 U.S.C. § 3142(c)(1)(B)(vi). A "curfew" must be specified, but the statute also does not define it as a certain time of day or night or number of hours per day. 18 U.S.C. § 3142(c)(1)(B)(vii).

At oral argument, government's counsel asserted that the Walsh Act was not a "straight-jacket" or a "one-size-fits-all regime," and conceded that the statute "confers upon the [district] judge a great deal of discretion with respect to the implementation of the [release] conditions that are required by the [Walsh] Act." The govern-

ment also conceded that the Walsh Act permitted an individualized determination by the district court to set appropriate parameters based upon the particular facts and circumstances of each case—for example, in setting restrictions on travel, a curfew, or a condition of electronic monitoring.

In light of the government's concessions and in view of the established principle that a statute should be read to avoid serious constitutional issues, we construe the Walsh Act to require the district court to exercise its discretion, to the extent practicable, in applying the mandatory release conditions. See St. Martin Evangelical Lutheran Church v. South Dakota, 451 U.S. 772, 780, 101 S.Ct. 2142, 68 L.Ed.2d 612 (1981) ("A statute, of course, is to be construed, if such a construction is fairly possible, to avoid raising doubts of its constitutionality."). So construed, we see no constitutional infirmity in the Walsh Act on the bases argued by defendant. Accordingly, the district court's order is vacated and this matter is remanded.

On remand, the district court shall modify release conditions to include those mandated by the Walsh Act. Two of those six mandatory conditions are absolute by their own terms—defendant shall have no contact with the alleged victim and potential witnesses and shall refrain from possessing a firearm, destructive device, or other dangerous weapon. 18 U.S.C. § 3142(c)(1)(B)(v), (viii). The district court, however, shall exercise its discretion in setting the other four conditions required by the Walsh Act: (1) define a condition of electronic monitoring; (2) specify restrictions on personal associations, place of abode, or travel; (3) set a reporting requirement; and (4) specify a curfew. 18 U.S.C. § 3142(c)(1)(B), (iv),

by 9th Cir. R. 36-3.

(vi), (vii). The district court shall consider all relevant factors, including defendant's job-related needs, to determine the time of day or number of hours in specifying a curfew, or whether the curfew must be connected to a particular address. The district court shall also fashion an appropriate condition of electronic monitoring that would enable defendant to continue his employment. For example, the district court might find it appropriate to set a procedure by which defendant may travel by air for work, with prior notice and approval; and perhaps monitoring and a curfew at the destination city.

The district court's January 16, 2009, 593 F.Supp.2d 1233, order is vacated, and this matter is remanded for further proceedings consistent with this decision. The mandate shall issue forthwith.

**VACATED AND REMANDED.**