**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

　　　　v.

ROBERT ERNEST PEEPLES, JR.,
　　　　　　　*Defendant-Appellant.*

No. 10-30338

D.C. No.
9:10-cr-00029-
DWM-JCL
District of Montana,
Missoula

ORDER

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted to Motions Panel December 5, 2010

Filed December 28, 2010

Before: Alfred T. Goodwin, Pamela Ann Rymer, and
Susan P. Graber, Circuit Judges.

---

### COUNSEL

John Rhodes, Assistant Federal Defender, Federal Defenders
of Montana, for the defendant-appellant.

Cyndee Peterson, Assistant United States Attorney, United
States Attorneys' Office, for the plaintiff-appellee.

---

## ORDER

PER CURIAM:

Defendant Robert Peeples ("Peeples") appeals the district court's denial of his constitutional challenge to his conditions of release imposed pursuant to the Adam Walsh Child Protection and Safety Act of 2006 ("Walsh Act"), 18 U.S.C. § 3142(c)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the district court's order.

I.

On July 23, 2010, the government indicted Peeples on a charge of knowing receipt of child pornography. The indictment alleges that, between December 2007 and February 2010, Peeples knowingly received child pornography by using the internet while located in Missoula, Montana. The government alleges that approximately 5,000 potential child pornography files were located on the computer seized from Peeples's residence.

At the arraignment on August 26, 2010, the magistrate judge granted Peeples's release pending trial subject to conditions, including conditions mandated by the Walsh Act, most notably a curfew and electronic monitoring. On September 17, 2010, Peeples filed a motion to declare the Walsh Act's mandatory conditions of release unconstitutional. The magistrate judge, after briefing and a hearing, denied Peeples's motion, and the district court denied his appeal on November 18, 2010, consistent with its decision in United States v. Cossey, 637 F. Supp. 2d 881 (D. Mont. 2009).[1] Peeples timely appeals.

---

[1]"Defendant seeks review, pursuant to 18 U.S.C. § 3145, of Magistrate Judge Lynch's October 19, 2010 Order. That Order denied Defendant's motion challenging the constitutionality of his conditions of release imposed pursuant to the Adam Walsh Act. Judge Lynch denied the motion

## II.

Passed by Congress in 2006, the Walsh Act amended the Bail Reform Act of 1984, 18 U.S.C. § 3142, to require that a defendant charged with certain listed crimes involving a minor victim, if released before trial, be placed on a pre-scribed minimum set of release conditions.[2] As amended, the Bail Reform Act now requires that such a defendant (1) be placed on electronic monitoring; (2) "abide by specified restrictions on personal associations, place of abode, or trav-el"; (3) "avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense"; (4) "report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agen-cy"; (5) "comply with a specified curfew"; and (6) "refrain from possessing a firearm, destructive device, or other dan-gerous weapon." 18 U.S.C. § 3142(c)(1).

Peeples challenges the mandatory release provisions of the Walsh Act as violations of (1) the Excessive Bail Clause of the Eighth Amendment; (2) the Due Process Clause of the Fifth Amendment, including the presumption of innocence; and (3) the separation of powers doctrine.

---

based on this Court's decision in *United States v. Cossey*, 637 F. Supp. 2d 881 (D. Mont. 2009), and the reasoning found in *United States v. Ken-nedy*, 327 Fed. Appx. 706 (9th Cir. 2009) (unpublished).

The Court has previously denied a similar challenge to the constitution-ality of the Adam Walsh Act. *See Cossey*, [637] F. Supp. 2d at 892. Defendant has failed to distinguish his challenge from the Court's prior ruling in *Cossey*. Nor has he offered any reason for the Court to revisit the issue.

Accordingly, IT IS HEREBY ORDERED that Defendant's Appeal from United States Magistrate Judge's Order Denying Modification of Conditions of Release (dkt #37) is DENIED." *United States v. Peeples*, No. CR 10-29 (D. Mont. Nov. 18, 2010).

[2]Among the specified crimes is knowing receipt of child pornography, 18 U.S.C. § 2252A(a)(2), the crime for which Peeples has been indicted.

### III.

Peeples argues that, both facially and as applied, the mandatory release provisions of the Walsh Act violate his constitutional rights. A defendant raising a facial challenge to legislation must sustain a heavy burden to have legislation declared unconstitutional. "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987).

Peeples's facial challenge to the Walsh Act fails because he cannot establish that a curfew or electronic monitoring would be inappropriate for all defendants charged with knowingly receiving child pornography. *See United States v. Stephens*, 594 F.3d 1033, 1038 (8th Cir. 2010) ("One can imagine many defendants for whom curfew and electronic monitoring would be necessary to assure their presence at trial or ensure the safety of the community."); *see also Cossey*, 637 F. Supp. 2d at 891 ("[T]here are circumstances under which the AWA amendments may be applied constitutionally."); *United States v. Gardner*, 523 F. Supp. 2d 1025, 1030 n.3 (N.D. Cal. 2007) (rejecting facial challenge to the Walsh Act).

### IV.

Peeples's principal argument is that the Walsh Act's mandatory release conditions are unconstitutional as applied to him. In raising numerous alleged constitutional infirmities with the Walsh Act, Peeples ignores a well-established principle of statutory construction. "A statute, of course, is to be construed, if such a construction is fairly possible, to avoid raising doubts of its constitutionality." *St. Martin Evangelical Lutheran Church v. South Dakota,* 451 U.S. 772, 780 (1981); *see also Jones v. United States*, 526 U.S. 227, 239 (1999) ("[W]here a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and

by the other of which such questions are avoided, [a court's duty] is to adopt the latter.").

The Walsh Act's mandatory release conditions require the district court to exercise its discretion, to the extent practicable, in applying the mandatory release conditions. Peeples's argument that his constitutional rights have been violated because he has not been afforded an individualized determination of his release conditions cannot stand in light of the district court's duty to exercise its discretion in imposing the mandated release conditions. *See Stephens*, 594 F.3d at 1039 ("[The Walsh Act] does not deprive child pornography defendants of a detention hearing or an individualized determination whether detention or release is appropriate."). The Walsh Act does not mandate that the court require electronic monitoring in specific locations or during specific time periods. *See id.* ("[T]he only effect of [the Walsh Act] is to require *a* curfew and *some* electronic monitoring. The defendant remains entitled to a detention hearing and a large number of individualized determinations — including an individualized determination as to the extent of any mandatory conditions of release."); *Cossey*, 637 F. Supp. 2d at 890 (holding the Walsh Act release conditions constitutional because the magistrate judge's release conditions were crafted to address the defendant's individual needs, including job-related needs).

Similarly, Peeples's release conditions were set by the magistrate judge after an individualized determination of Peeples's circumstances. The court took significant steps to ensure that the monitoring and curfew conditions did not interfere with Peeples's work- and school-related needs. Peeples's curfew permits him to return home at a later time on Saturdays and Sundays so as not to interfere with his job at a local convenience store. The magistrate judge also repeatedly advised Peeples that, if needed, further modification of his release conditions could be considered and made.

Because the Walsh Act requires the district court to exercise its discretion in applying the mandatory release condi-

tions to each individual's circumstances, and in view of the established principle that a statute should be read to avoid serious constitutional issues, Peeples's constitutional challenge to the Walsh Act does not succeed.

## V.

For the reasons discussed above, Peeples's constitutional challenge to the Walsh Act, both facial and as-applied, fails. Accordingly, the district court order is affirmed.

**AFFIRMED.**