UNITED STATES of America, Plaintiff–Appellee,

v.

Travis Wayne DARKES, Defendant–Appellant.

No. 14–7046.

United States Court of Appeals, Tenth Circuit.

April 8, 2015.

Linda A. Epperley, Edward Snow, Office of the United States Attorney, Muskogee, OK, for Plaintiff–Appellee.

Carl Adrian Folsom, III, Office of the Federal Public Defender, Muskogee, OK, for Defendant–Appellant.

Before MATHESON, McKAY, and MORITZ, Circuit Judges.

**ORDER AND JUDGMENT** *

SCOTT M. MATHESON, JR., Circuit Judge.

Travis Wayne Darkes pled guilty to failing to register and update his registration as a sex offender under the Sex Offender Registration and Notification Act ("SOR-

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

NA") after having traveled in interstate commerce. As part of his plea agreement, Mr. Darkes waived his right to appeal his sentence, with some exceptions. The district court sentenced him to 20 months in prison and five years of supervised release. It imposed two special conditions on his supervised release restricting contact with children.

On appeal, Mr. Darkes challenges SOR-NA's constitutionality under the Commerce Clause and the Tenth Amendment. He also challenges the two special conditions, arguing they violate his fundamental right to familial association, are based on insufficient district court findings, and improperly delegate the district court's Article III powers to probation officers.

We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm on the first and second issues. We also affirm on the third issue, concluding Mr. Darkes's appellate waiver is enforceable and declining to reach the merits.

## I. BACKGROUND

### A. *Factual History*

In 2006, Mr. Darkes pled guilty in Pennsylvania state court to two counts of misdemeanor indecent assault based on an incident involving a minor female. He was sentenced to 18 months of probation, and ordered to register as a convicted sex offender.

In 2011, Mr. Darkes pled guilty to failing to comply with Pennsylvania sex offender registration laws because he did not update his registration address. The court sentenced him to 10 months in prison, and again ordered him to register upon his release.

1. The record indicates Mr. Darkes lived in Pennsylvania as late as January 14, 2013. At some point in either March or April 2013, Mr.

In March or April 2013, Mr. Darkes moved from Pennsylvania to Oklahoma.[1] He failed to register as a sex offender in Oklahoma or update his registration in Pennsylvania.

### B. *Procedural History*

#### 1. Guilty Plea

On September 11, 2013, a federal grand jury charged Mr. Darkes in a one-count indictment with failing to register and update his registration as a sex offender after having traveled in interstate commerce from Pennsylvania to Oklahoma, in violation of 18 U.S.C. §§ 2250(a)(1), 2250(a)(2)(B), and 2250(a)(3).

On September 25, 2013, Mr. Darkes moved to dismiss the indictment, alleging, as is relevant here, SORNA violates the Commerce Clause and the Tenth Amendment of the Constitution. The district court denied the motion.

Mr. Darkes pled guilty. As part of his plea agreement, he waived his appellate rights, "knowingly and voluntarily" agreeing to the following terms at issue in this appeal:

a. the defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a) with the exception of the issues the defendant raised in his motion to dismiss filed in the District Court on September[ ] 25, 2013. The defendant expressly reserves the right to appeal the issues the defendant raised in his motion to dismiss filed in the District Court on September[ ] 25, 2013.

Darkes seems to have moved to Oklahoma. And after June 26, 2013, an investigation confirmed he was living in Oklahoma.

b. the defendant reserves the right to appeal from a sentence which exceeds the statutory maximum[.]

ROA, Vol. I at 73.

## 2. Sentencing

The district court sentenced Mr. Darkes to 20 months in prison and five years of supervised release. The court ordered six special conditions of supervised release. On appeal, Mr. Darkes challenges only two:

3. The defendant shall not be at any residence where children under the age of 18 are residing without the prior written permission of the U.S. Probation Office.

4. The defendant shall not be associated with children under the age of 18 except in the presence of a responsible adult who is aware of the defendant's background and current offense, and who has been approved by the U.S. Probation Officer.

*Id.* at 85.

At sentencing, Mr. Darkes objected to these conditions and asked the court to make an exception for his four minor children. He noted his prior offense occurred eight years ago, and emphasized he has a constitutional right to parent his children. After stating it was "not vehemently adverse to many of the points" made by Mr. Darkes, the district court overruled the objections. ROA, Vol. II at 48.

## II. DISCUSSION

### A. *Statutory Framework and Issues on Appeal*

Two statutory provisions are relevant to this appeal. First, 42 U.S.C. § 16913(a), a SORNA provision, states:

A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where

the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

42 U.S.C. § 16913(a). Second, 18 U.S.C. § 2250(a), the enforcement provision for § 16913(a), makes it a federal crime to fail to register. It provides:

(a) In general.—Whoever—

(1) is required to register under the Sex Offender Registration and Notification Act;

(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a). SORNA does not establish or create a federal sex offender registry; instead, SORNA outlines minimum standards for state sex offender registration systems. *See* U.S. Dep't of Justice, *Sex Offender Registration and Notification in the United States: Current Case Law and Issues,* 1 (Aug.2013), http://www.smart.gov/caselaw/handbook_august2013.pdf.

Mr. Darkes argues that § 16913 violates the Commerce Clause and the Tenth Amendment. He also argues the two special conditions of supervised release violate his fundamental right to familial association, are based on insufficient district court findings, and improperly delegate the district court's Article III powers to probation officers. The parties agree that Mr. Darkes's appellate waiver does not apply to the first two issues. But the Government contends it does apply to the third issue.

### B. *Standard of Review*

We review Mr. Darkes's Commerce Clause and Tenth Amendment challenges to SORNA de novo. *See United States v. Hinckley*, 550 F.3d 926, 928 (10th Cir. 2008). We also review de novo whether Mr. Darkes's appellate waiver in his plea agreement is enforceable. *See United States v. Lonjose*, 663 F.3d 1292, 1297 (10th Cir.2011).

### C. *Analysis*

We agree with the parties that Mr. Darkes's appellate waiver does not apply to his constitutional challenges to SORNA, but we hold SORNA does not violate the Commerce Clause or the Tenth Amendment. On the special conditions, we decide Mr. Darkes's appellate waiver is enforceable, and do not reach the merits.

### 1. SORNA's Constitutionality under the Commerce Clause

 Under Tenth Circuit precedent, SORNA does not violate the Commerce Clause. *See Hinckley*, 550 F.3d at 939–40; *United States v. Lawrance*, 548 F.3d 1329, 1337 (10th Cir.2008). Mr. Darkes argues the Supreme Court's decision in *National Federation of Independent Business v. Sebelius*, —— U.S. ——, 132 S.Ct. 2566, 183 L.Ed.2d 450 (2012), alters this precedent.

This court recently rejected this argument, and reaffirmed SORNA's constitutionality under the Commerce Clause. *See United States v. White*, 782 F.3d 1118, 1123–26 (10th Cir.2015). Based on this precedent, we reject Mr. Darkes's Commerce Clause challenge.

### 2. SORNA's Constitutionality under the Tenth Amendment

 In *White*, this court also rejected a Tenth Amendment facial challenge to SORNA. *See id.* at 1126–29. We reject Mr. Darkes's Tenth Amendment facial challenge for substantially the same reasons. We also note what Mr. Darkes calls an "as-applied" Tenth Amendment challenge that, because Oklahoma has not adopted a SORNA-compliant registration scheme, the federal government must rely on state officials to facilitate SORNA enforcement. *See* Oral Arg. 1:10–9:10. Mr. Darkes explains that in any federal prosecution under § 2250 for failure to register in Oklahoma, the government would need to subpoena state officials to testify about the defendant's failure to register in the state sex offender registry, thus commandeering state officials in violation of the Tenth Amendment under *Printz v. United States*, 521 U.S. 898, 117 S.Ct. 2365, 138 L.Ed.2d 914 (1997) (holding federal law requiring state officials to conduct background checks of gun purchasers violates the Tenth Amendment).

His case, however, involved no trial or subpoena. An employee from the Oklahoma Department of Corrections Sex and Violent Offender Registration Unit spoke voluntarily with a federal agent. Further, Oklahoma voluntarily agreed to register Mr. Darkes. Finally, a federal court's compelling of testimony from witnesses with relevant information, whether or not they are state officials, cannot be equated with Congress commandeering state law

enforcement officials in *Printz* to administer a federal background check program for gun purchases. *See New York v. United States,* 505 U.S. 144, 179, 112 S.Ct. 2408, 120 L.Ed.2d 120 (1992) ("[T]he cases relied upon by the United States hold only that federal law is enforceable in state courts and that federal courts may in proper circumstances order state officials to comply with federal law, propositions that by no means imply any authority on the part of Congress to mandate state regulation.").[2]

### 3. The Special Conditions

■ Mr. Darkes's appellate waiver in his plea agreement blocks his appeal of the special conditions. He has not demonstrated the waiver is unenforceable.

To determine whether an appellate waiver is enforceable, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Hahn,* 359 F.3d 1315, 1325 (10th Cir.2004) (en banc).

#### a. *Scope*

Mr. Darkes has not shown how his appeal of the special conditions falls outside his appellate waiver. His plea agreement, which "waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a)," ROA, Vol. I at 73, includes waiver of his right to appeal the special conditions, *see United States v. Sandoval,* 477 F.3d 1204, 1207 (10th Cir.2007) (noting supervised release conditions are part of the sentence and a waiver of the right to appeal a

sentence includes a waiver of the right to appeal supervised release conditions).

In his brief, Mr. Darkes notes that his plea agreement reserves the right to appeal " 'a sentence which exceeds the statutory maximum.' " Aplt. Br. at 25 (quoting ROA, Vol. 1 at 73). He suggests this reservation "implied reservation of the right to appeal a condition of supervised release which exceeds the statutory authority." *Id.* But then he admits "the denial of association with certain persons is seemingly authorized by the relevant statutes." *Id.* Further, he does not attempt to show how any of the statutes he cites establishes a statutory maximum or how the special conditions here may exceed any maximum. He therefore has not shown how this reservation covers his appeal of the special conditions.

#### b. *Knowing and voluntary*

Mr. Darkes does not expressly argue his appellate waiver was unknowing and involuntary. But in his brief he complains the district "court [at the plea hearing] did not explain ... that any sentence imposed could include the denial of the right to associate with his children [and] that Mr. Darkes would waive the right to challenge any denial of the right to associate with his children." *Id.* at 26 (citation omitted). In *Hahn,* however, this court addressed the enforceability of an appellate waiver when, as here, the waiver predated sentencing and neither the parties nor the judge knew exactly what the sentence would be or what appellate issues the sentencing proceeding would produce. 359 F.3d at 1318, 1325–27. This court held an appellate waiver in these circumstances is enforceable. *Id.*

**2.** In light of *Bond v. United States,* —— U.S. ——, 131 S.Ct. 2355, 2360–65, 180 L.Ed.2d 269 (2011), we reject the Government's prudential standing challenge to Mr. Darkes's argument.

### c. *Miscarriage of justice*

Mr. Darkes argues enforcing the waiver would result in a miscarriage of justice. A miscarriage of justice arises only "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir.2001)). This four-part list is exclusive. *See id.* And for a waiver to be "otherwise unlawful," "the error must seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation and alterations omitted). "The burden rests with the defendant to demonstrate that the appeal waiver results in a miscarriage of justice." *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004). Mr. Darkes has not met this burden.

Mr. Darkes asserts that "where a condition of supervised release interferes with [the right of familial association], compelling circumstances must be present to justify the condition. These circumstances were not present in this case." Aplt. Br. at 25 (citation omitted). This argument addresses the merits of his appeal but does not explain how he can avoid his appellate waiver, and, in particular, how the waiver meets any of the miscarriage-of-justice categories identified in *Hahn*.

Mr. Darkes's concern that the district court failed to warn him about possible family association restrictions—discussed above in the "knowing and voluntary" section—may also be an attempt to make a miscarriage-of-justice argument. In the paragraph where he makes this point, he states, "Based on the lack of notice at the plea hearing, it would be an error that seriously affects the fairness, integrity, or public reputation of the judicial proceedings to deny review of the unjustified denial of Mr. Darkes' fundamental right to associate with his children." *Id.* at 26. We have used this language to give shape to *Hahn*'s fourth miscarriage-of-justice category: "where the waiver is otherwise unlawful." 359 F.3d at 1327. But other than suggesting that lack of notice made his appellate waiver unknowing and involuntary, which we reject above, Mr. Darkes fails to explain any other basis to hold the waiver was "otherwise unlawful."[3]

\* \* \*

In sum, Mr. Darkes entered an appellate waiver when he pled guilty, and has not demonstrated under our governing precedent that the waiver is unenforceable as to the special conditions imposed on his supervised release.

## III. CONCLUSION

We affirm the district court's rulings that SORNA is constitutional under the Commerce Clause and the Tenth Amendment. We conclude Mr. Darkes's appellate waiver is enforceable as to his arguments on his special conditions. We

---

**3.** In his January 5, 2015 Rule 28(j) letter, Mr. Darkes alerted us to this court's recent decision in *United States v. Burns*, 775 F.3d 1221, 1222 (10th Cir.2014), which said a district court plainly erred by failing to make particularized findings before restricting familial association as a special condition of supervised release. The letter contends enforcing an appellate waiver in these circumstances would be a miscarriage of justice. *Burns* is recent and relevant precedent as to Mr. Darkes's merits argument regarding the special conditions, but its plain error analysis did not address appellate waiver, and, similar to his brief, Mr. Darkes does not explain how *Burns* helps him meet the miscarriage-of-justice categories under *Hahn*.

therefore affirm his conviction and sentence.