**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 11, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PAUL EVERETT KILLMAN,

Defendant - Appellant.

No. 14-7072
(D.C. No. 6:14-CR-00028-RAW-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Defendant Paul Killman entered a conditional guilty plea to one count of failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). In his plea agreement, he expressly reserved the right to appeal certain issues raised in

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his motion to dismiss, including his argument that the Sex Offender Registration and Notification Act (SORNA) violates the Tenth Amendment, but he otherwise waived the right to directly appeal his conviction and sentence. At sentencing, the district court imposed a fifteen-month sentence of imprisonment and a five-year term of supervised release. The district court imposed several special conditions of supervised release, including restrictions relating to Defendant's association with minor children and his use of computers with internet access.

On appeal, Defendant first argues the district court erred in denying his motion to dismiss based on his Tenth Amendment challenge to SORNA. Although we had not yet decided this issue when Defendant filed his opening brief, this argument has now been squarely rejected by our recent decision in *United States v. White*, 782 F.3d 1118, 1127-28 (10th Cir. 2015). Pursuant to our precedential opinion in *White*, we affirm the district court's denial of Defendant's motion to dismiss.

Defendant also seeks to challenge the district court's imposition of certain conditions of supervised release relating to his association with minor children and computer usage. However, Defendant's waiver of his right to appeal his sentence extends to the special conditions of his supervised release. *See United States v. Sandoval*, 477 F.3d 1204, 1207 (10th Cir. 2007). Defendant does not suggest any reason why we should find the waiver to be unenforceable, and we note that we have enforced similar waiver agreements against other defendants

who have sought to challenge similar conditions of supervised release. *See, e.g.*, *United States v. Darkes*, 2015 WL 1546729, at \*4-5 (10th Cir. 2015). After a thorough review of the record, we see no reason not to enforce the waiver in this case, and we therefore will not address the merits of Defendant's challenges to the special conditions of his supervised release.

For the foregoing reasons, we **DISMISS** those portions of Defendant's appeal which challenge the special conditions of his supervised release and **AFFIRM** the district court's denial of his motion to dismiss the case. Defendant's conviction and sentence are **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge