United States Court of Appeals

For the Eighth Circuit

_____

No. 21-3217
_____

United States of America

*Plaintiff - Appellee*

v.

Reginald K. Agnew, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: April 15, 2022
Filed: July 25, 2022
[Unpublished]
_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Reginald K. Agnew, Jr., appeals the sentence of imprisonment that the district court[1] imposed upon him after revoking his term of supervised release, arguing that

---

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

the sentence violates his rights under the Sixth and Tenth Amendments of the United States Constitution. Having jurisdiction pursuant to 28 U.S.C. § 1291 and finding no error, we affirm.

In 2018, Agnew was convicted of possessing a firearm as an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3), and making a false statement in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6). Although each conviction carried a maximum sentence of 10 years imprisonment, the district court sentenced Agnew to two concurrent sentences of 12 months and 1 day imprisonment, to be followed by 3 years supervised release. Agnew completed his sentence and began his supervised release on September 24, 2019.

On August 10, 2021, the United States Probation Office filed a petition for revocation, alleging that Agnew had violated the terms of his supervised release. On September 21, 2021, pursuant to 18 U.S.C. § 3583(e)(3), the district court found by a preponderance of the evidence that Agnew violated the term of his supervised release prohibiting him from committing "another federal, state, or local crime" when he assaulted a Hayti, Missouri police officer and resisted arrest. The district court revoked his supervised release and sentenced him to two concurrent terms of 18 months imprisonment. In this appeal, Agnew contends that the revocation of his supervised release violates his Sixth Amendment right to have a jury determine, beyond a reasonable doubt, whether he violated a term of his supervised release. Further, Agnew contends that "[t]he facts claimed to be criminal resisting arrest or assault . . . are quintessential examples of local police power reserved to the states" under the Tenth Amendment and "the subpoenaing and the use of the time and testimony of local police officers" constitutes "a type of commandeering of state resources that the Tenth Amendment prohibits." We review these constitutional challenges de novo. United States v. Stephens, 594 F.3d 1033, 1036-37 (8th Cir. 2010).

-2-

First, Agnew's Sixth Amendment claim is without merit because, as the Supreme Court has explained, "revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." Morrissey v. Brewer, 408 U.S. 471, 480 (1972). Our precedent forecloses his argument, particularly in this situation, when the sum of his original and revocation sentences does not exceed the statutory maximum. See, e.g., United States v. Eagle Chasing, 965 F.3d 647, 650-51 (8th Cir. 2020); United States v. Ray, 530 F.3d 666, 668 (8th Cir. 2008); United States v. Shurn, 128 F. App'x 552, 554 (8th Cir. 2005) (per curiam).

Second, Agnew's Tenth Amendment claim hinges upon the twin contentions that he was punished for violating state law and that state law enforcement officers were "commandeered" to testify in his supervised release revocation proceeding held in federal court. Cf. United States v. Kehoe, 310 F.3d 579, 588 (8th Cir. 2002) (considering whether federal criminal statute violated Tenth Amendment by "improperly encroach[ing] upon state sovereignty to prosecute individuals for state common law crimes"). To the contrary, "[r]evocation of supervised release is typically understood as 'part of the penalty for the initial offense,'" United States v. Wilson, 939 F.3d 929, 932 (8th Cir. 2019) (citation omitted), and, clearly, the Tenth Amendment is not implicated where a federal defendant, such as Agnew, violates a term of supervised release by violating a state law. Further, although, in accordance with the Tenth Amendment, Congress may not issue orders directly to the states, "a federal court's compelling of testimony from witnesses with relevant information, whether or not they are state officials, cannot be equated with Congress commandeering state law enforcement officials" to carry out a federal directive. United States v. Darkes, 608 F. App'x 584, 588-89 (10th Cir. 2015). Therefore, Agnew's Tenth Amendment claim is without merit.

For these reasons, we affirm Agnew's sentence.

_____